1
2
3                        UNITED STATES DISTRICT COURT
4                              DISTRICT OF NEVADA
5                                    * * *
6   DAVID RUFFA,                              Case No. 2:15-cv-01610-GMN-PAL
7                                Plaintiff,            **ORDER**
8         v.                                   (IFP App. – Dkt. #3)
9   JUDGE MICHELLE LEAVITT, et al.,
10                              Defendants.

11        This matter is before the Court on Plaintiff David Ruffa's Application for Leave to

12   Proceed *In Forma Pauperis* (Dkt. #3).  This proceeding is referred to the undersigned pursuant to

13   28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

14        Mr. Ruffa is a prisoner in the custody of the Nevada Department of Corrections and is

15   proceeding in this action *pro se*.  He has twice requested authority pursuant to 28 U.S.C. § 1915

16   to proceed *in forma pauperis* ("IFP"), meaning without the prepayment of fees.  On August 21,

17   2015, Mr. Ruffa filed his first IFP Application (Dkt. #1).   However, his application was

18   incomplete because he did not include a copy of his inmate trust account statement or a financial

19   certificate signed by an authorized officer of the Southern Desert Correctional Center.  *See* Order

20   (Dkt. #2) at 2.  Local Rule LSR 1-2 and § 1915 specifically require three items be submitted to

21   this Court with a prisoner's IFP application: (1) a financial certificate signed by an authorized

22   officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust

23   account statement for the six-month period prior to filing,[1] and (3) a signed financial affidavit

---

[1]  28 U.S.C. § 1915(a)(2) states:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or
> proceeding without prepayment of fees or security therefor, in addition to filing the
> affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account
> statement (or institutional equivalent) for the prisoner for the 6-month period
> immediately preceding the filing of the complaint* or notice of appeal, obtained from the
> appropriate official of each prison at which the prisoner is or was confined.

(emphasis added).

1

showing an inability to prepay fees and costs or give security for them.  The Court instructed Mr. Ruffa to "file a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, *and Plaintiff's inmate trust account statement*."  Order (Dkt. #2) at 2 (emphasis added).

Mr. Ruffa has submitted the new IFP application, including the signed and executed financial certificate and financial affidavit.  *See* IFP Application (Dkt. #3).  However, the new application is still missing a copy of his inmate trust account statement for the six-month period prior to filing the application.  The Court cannot determine the amount of the initial partial filing fee until Mr. Ruffa has submitted *all* of the required documents.  Therefore, the Court will defer a decision on Mr. Ruffa's IFP application for 30 days, or until **December 30, 2015**.

Accordingly,

**IT IS ORDERED:**

1.  Plaintiff David Ruffa's Application for Leave to Proceed *In Forma Pauperis* (Dkt. #3) is DEFERED for 30 days, or until **December 30, 2015**.

2.  Plaintiff shall file his inmate trust account statement no later than **December 30, 2015**.

3.  Alternatively, Plaintiff shall pay the filing fee of three hundred fifty dollars ($350.00),[2] accompanied by a copy of this Order, on or before **December 30, 2015**.

4.  Plaintiff's failure to comply with this Order by (a) submitting his inmate trust account statement, or (b) paying the filing fee before the **December 30, 2015** deadline will result in a recommendation to the District Judge that this case be dismissed.

Dated this 30th day of November, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[2]  Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.