UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID RUFFA,<br><br>　　　　　　　Plaintiff,<br>v.<br>JUDGE MICHELLE LEAVITT, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-01610-GMN-PAL<br><br>**ORDER**<br><br>(Mot. to Withdraw Lawsuit – Dkt. #9) |

　　　　This matter is before the Court on Plaintiff David Ruffa's Motion to Withdraw Lawsuit (Dkt. #9), filed February 9, 2016.  This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

　　　　Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") who proceeding in this action *pro se*.  Mr. Ruffa initiated this action on August 21, 2015, filing his first Application to Proceed *in Forma Pauperis* (Dkt. #1).  The Court denied the Application without prejudice because but he "did not include a copy of his inmate trust account statement or a financial certificate signed by an authorized officer of the Southern Desert Correctional Center." *See* Aug. 28, 2015 Order (Dkt. #2).

　　　　On September 21, 2015, Mr. Ruffa filed a second Application to Proceed *in Forma Pauperis* (Dkt. #3), which also failed to attach a copy of his inmate trust account statement for the six-month period prior to filing his second Application.  In an Order (Dkt. #4) entered November 30, 2015, the Court instructed Mr. Ruffa to submit a copy of his inmate trust account statement pursuant to 28 U.S.C. § 1915(a)(2).  Without this required document, the Court cannot determine the amount of Mr. Ruffa's initial partial filing fee or proceed with the process of screening his Complaint (Dkt. #1-1).  The Court therefore deferred a decision on Mr. Ruffa's application for 30 days or until December 30, 2015. *See* Order (Dkt. #4).

1

1   On December 30, 2015, Mr. Ruffa filed the Motion for Extension of Time (Dkt. #5), asking the Court for an additional 30 days to submit a copy of his inmate trust account statement. According to Mr. Ruffa, he requested the financial statement three times but was still waiting to receive the documents. The Court understood that Mr. Ruffa could not obtain a copy of his inmate trust account statement without the assistance of NDOC staff members at the prison and, therefore, granted him an extension of time to file the document no later than February 15, 2016. *See* Order (Dkt. #6). The order also directed the clerk of court to send a copy of the order to the warden of the facility where he is incarcerated certified mail, return receipt requested, which was done.

On February 9, 2016, Mr. Ruffa filed a Motion to Withdraw Civil Lawsuit (Dkt. #9) because he claims: (i) NDOC is unwilling to help inmates; (ii) he has limited access to the law library or legal help; (iii) "other legal matters" have arisen, and (iv) he wants to file the lawsuit at a later time. The court would ordinarily be reluctant to grant a request of this nature when an inmate is claiming prison officials are failing to provide information needed to have access to the court. However, the proposed complaint alleges claims against a state court judge for her alleged deliberate unwillingness to resolve constitutional issues which appear to arise out of Mr. Ruffa's state criminal conviction. As the Court has not yet screened the complaint and Judge Leavitt is entitled to absolute immunity for action taken in her role as a judge, the Court will grant his request.

Accordingly,

**IT IS ORDERED;**

1. Plaintiff David Ruffa's Motion to Withdraw Civil Lawsuit (Dkt. #9) is GRANTED.
2. Plaintiff David Ruffa's Application to Proceed *In Forma Pauperis* (Dkt. #3) and the attached proposed complaint are WITHDRAWN.
3. The Clerk of Court shall close this case.

Dated this 25th day of February, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2